UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

Eastern District of Kentucky
F I L E D
JAN 1 0 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-168-GWU

RANDY D. BURNETT,                                                PLAINTIFF,

VS:                        MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Randy Burnett brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe. An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Burnett, a 32 year-old former fast food worker with a "limited" education had complaints of a seizure disorder and depression. (Tr. 13, 17). However, the plaintiff's impairments were

3

not found to be "severe." (Tr. 17). Therefore, the claimant could not be considered totally disabled. (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Burnett did not suffer from a "severe" impairment. The plaintiff was seen on two occasions at Knox County Hospital after his alleged onset date of January 27, 2004 (Tr. 46), being treated for seizure activity in September of 2004 and October of 2005 (Tr. 82-125, 162-170). On both occasions, the claimant was discharged with no specific functional limitations and a notation of "activity as usual" was reported in October of 2005. (Tr. 169). These reports do not suggest "severe" impairment.

Dr. Thaddis Collins, an examining consultant, noted Burnett's history of a seizure disorder. (Tr. 80). Dr. Collins found no evidence for restriction with regard to stooping, reaching, bending, sitting, standing, moving about, lifting, carrying, handling objects, or travelling. (Tr. 80). The plaintiff was advised to avoid exposure to moving machinery. (Tr. 80). Social Security Ruling 85-15 indicates that such a limitation would have only a small effect on one's ability to perform most jobs and, so, would not be a "severe" limitation. Thus, this opinion also supports the administrative decision.

Dr. Collins did state that "if the patient is truly having seizures on a routine basis" his limitations would have to be adjusted. (Tr. 80). With routine seizure activity, the doctor reported that Burnett would be "moderately limited" in such areas as stooping, bending, reaching, standing, moving about, lifting, carrying, handling objects, and travelling. (Tr. 80). These restrictions would rise to the

level of a "severe" impairment. However, as previously noted, the plaintiff's seizure activity had been serious enough to require medical attention on only two occasions since his alleged onset date of January 27, 2004. This would certainly not constitute a "routine basis." Therefore, these more serious restrictions are not applicable in this case.

Dr. Calixto Hernandez, a non-examining medical reviewer, opined that Burnett would be precluded from climbing ladders, ropes and scaffolds and would need to avoid all exposure to hazards such as machinery and heights. As previously noted, the second restriction would not appear to have a great effect on work activity. Even if the climbing limitation would cause the seizure disorder to rise to the level of a "severe" impairment, this opinion was still outweighed by those of the treating and examining sources who did not report such a limitation. The administrative regulations, provide that "generally we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1). Therefore, this opinion does not support the plaintiff's claim.

The ALJ also properly found that Burnett did not suffer from a "severe" mental impairment. Psychologist Lea Perritt reviewed the record and opined that the plaintiff's mental problems were not "severe." (Tr. 126). This opinion is not contradicted in the record.

The undersigned notes that even if the ALJ erred in finding that Burnett did not suffer from a "severe" impairment, an alternative ground exists to affirm the administrative denial decision. At most, the record supports restrictions on exposure to heights, moving machinery, and climbing ladders, ropes or scaffolds. The *Dictionary of Occupational Titles* (DOT) at Section 311.472-010 indicates that such activities are not required in the plaintiff's past relevant fast food work.

5

Therefore, based on the DOT, the plaintiff could return to this work and, so, he could not be considered totally disabled.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___10___ day of January, 2007.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE